**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4509**

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　　v.

RODERICK WARNER WHELESS,

　　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.　William L. Osteen, Jr., District Judge.　(1:07-cr-00230-WO-1)

Submitted:　November 13, 2009　　　Decided:　December 3, 2009

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.　Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roderick Warner Wheless appeals the 272-month sentence imposed by the district court after he pled guilty to armed bank robbery and brandishing a firearm during and in relation to a crime of violence.  Wheless's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious grounds for appeal, but raising the issue of whether Wheless's sentence on the robbery count is unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006).  Wheless was informed of his right to file a pro se supplemental brief but he has not done so.  We affirm.

We review a sentence for abuse of discretion.  Gall v. United States, 552 U.S. 38, 41 (2007).  The first step in this review requires us to ensure that the district court committed no significant procedural error.  United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008).  Significant procedural errors include "'failing to consider the § 3553(a) factors.'"  United States v. Carter, 564 F.3d 325, 329 (4th Cir. 2009) (quoting Gall, 128 S. Ct. at 597).  We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances.  Gall, 128 S. Ct. at 597.  When reviewing a sentence on appeal, we presume a sentence within the properly-calculated Guideline range is

reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Wheless, and his sentence, which is at the low end of the Guideline range, is reasonable.  On appeal, Wheless's attorney argues that the district court did not attach enough weight to the history and characteristics of the defendant, resulting in a sentence greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).  However, he acknowledges that the district court sentenced Wheless as counsel requested, at the bottom of his advisory Guideline range.  We find that the district court considered the parties' arguments and relevant § 3553(a) factors, including Wheless's history and characteristics, and the court reasonably imposed a sentence at the low end of the advisory range.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

3

withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED